O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5490 AHM (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MARIA MARTINEZ, *et al.* v. ENCORE CREDIT CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

On August 13, 2009, the 19 individual Plaintiffs in this case filed suit against 26 Defendants on claims arising from separate mortgages on 15 distinct properties. The claims against the Defendants include: reformation of contract, injunctive relief, declaratory relief, fraud, conspiracy to commit fraud, breach of fiduciary duty, and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*. For the following reasons, the Court DISMISSES all Plaintiffs except the first named Plaintiff (Maria Martinez) and all Defendants except for the Defendants whom Maria Martinez alleged to be liable to her—namely, Encore Credit Corporation, EMC Mortgage Corporation, Quality Loan Service Corporation, and La Salle National Association.

## II.     DISCUSSION

### A.     Legal Standard Governing The Proper Joinder Of Plaintiffs[1]

Rule 20(a) provides that individuals "may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;

---

[1]The following summary is based on an order of the Honorable Margaret M. Morrow in *B.D.O. Corp., et al. v. Shewry*, CV 06-1833 (May 25, 2006).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5490 AHM (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MARIA MARTINEZ, *et al.* v. ENCORE CREDIT CORPORATION, *et al.* | | |

and (B) any question of law or fact common to all plaintiffs will arise in the same action." Fed. R. Civ. P. 20(a).

     The Ninth Circuit has held that Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

     Rule 20(a) imposes two requirements for proper joinder: "(1) a right to relief must be asserted . . . against . . . each . . . defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe*, 558 F.2d at 917; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (same); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1653 (2d ed. 1995) (Rule 20(a) "imposes two specific requisites to the joinder of parties. . . . Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a).").

     If these threshold requirements are met, the district court must then consider other relevant factors to determine whether joinder comports with principles of fundamental fairness. These include, *inter alia*, possible prejudice to a party and the motive of the party seeking joinder. *See Coleman*, 232 F.3d at 1296 ("[A] district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980) ("[W]hen making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.").

    **B.**    **Whether Plaintiffs Are Properly Joined**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5490 AHM (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MARIA MARTINEZ, *et al.* v. ENCORE CREDIT CORPORATION, *et al.* | | |

  The first question under Rule 20—whether the Plaintiffs' claims arise out of the same transaction or occurrence—"refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The 19 Plaintiffs in this action all have claims arising out of distinct factual scenarios involving mortgages on 15 separate properties (including one in Nevada). Complaint ¶¶ 4-17. It is obvious on the face of the Complaint that Plaintiffs have not been properly joined in this single action. Each of the properties involves a different loan to a different borrower and different financial institutions (although some are sued by more than one Plaintiff)—for a total of 26 different Defendants. Each mortgage transaction involved numerous different factual circumstances. As such, proceeding with all of the claims together in a single action is not only impractical, but contrary to Rule 20. It also would be prejudicial to Defendants (and even to Plaintiffs).

  Courts considering analogous cases have refused to find that where there are distinct factual allegations as respects each party, and no relationship between the parties, the "same transaction or occurrence" test that is a prerequisite to joinder under Rule 20 is satisfied. *See, e.g.*, *Coughlin*, 130 F.3d at 1350 (affirming the district court's severance of plaintiffs, each of whom contended that what was then known as the INS failed to process his immigration petition in a timely fashion, because "[e]ach Plaintiff . . . waited a different length of time, suffering a different duration of alleged delay[;] . . . the delay is disputed in some instances and varies from case to case[;] . . . [a]nd, most importantly, there may be numerous reasons for the alleged delay"); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031-32 (4th Cir. 1983) (holding that plaintiffs' claims did not meet the "same transaction" test because, although they "complain[ed] . . . that they purchased their automobiles and experienced similar problems, none of which could be fixed satisfactorily," in fact there were "differences between the unique histories of each of the four automobiles," and plaintiffs failed to demonstrate "that any of the alleged similar problems resulted from a common defect"); *Nassau County Ass'n. of Insurance Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (holding that there had been a misjoinder of insurance defendants where plaintiffs alleged that defendants had terminated agency contracts in violation of the antitrust laws but "[n]o allegation of conspiracy or other concert of action [was] asserted[,] . . . [n]o connection at all between the practices engaged in by each of the 164 defendants [was] alleged[, and defendants'] actions as charged were separate and unrelated, with terminations occurring at different

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5490 AHM (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MARIA MARTINEZ, *et al.* v. ENCORE CREDIT CORPORATION, *et al.* | | |

times for different reasons with regard to different agents"); *Directv, Inc. v. Boggess*, 300 F. Supp. 2d 444, 449 (S.D.W.Va. 2004) ("Since DIRECTV has filed almost identical actions in courts across the country, several courts have ruled on similar motions to dismiss for the improper joinder of defendants. An overwhelming majority of these courts have concluded, as this court does, that unrelated defendants who purchase pirate access devices in separate transactions engage in distinct and unrelated acts"); *Oshiro v. Pan Am. World Airways, Inc.*, 378 F.Supp. 80, 81-82 (D. Haw. 1974) (where the claims of five proposed new plaintiffs arose out of different discharges that occurred at different times than the existing plaintiff's, the court found that their joinder "would create an entirely new law suit, and . . . would necessitate extensive, new discovery procedures," and denied leave to amend). In the absence of claims arising out of the same transaction or occurrence, joinder is improper under Rule 20.

### C.  The Appropriate Remedy For Misjoinder

Rule 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Although the court may not dismiss an action as a result of misjoinder, it may drop, i.e., dismiss, parties if necessary to ensure a just result. Addressing the proper remedy for misjoinder, the Ninth Circuit in *Coughlin* held that "the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Coughlin*, 130 F.3d at 1350 (citing *Aaberg v. ACandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994)). This Order follows and implements that remedy for the clearly unfounded joinder of so many plaintiffs and defendants.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES all Plaintiffs except the first named Plaintiff (Maria Martinez) and all Defendants except for the Defendants whom Maria Martinez alleged to be liable to her (Encore Credit Corporation, EMC Mortgage Corporation, Quality Loan Service Corporation, and La Salle National Association).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5490 AHM (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MARIA MARTINEZ, *et al.* v. ENCORE CREDIT CORPORATION, *et al.* | | |

Except for Martinez, the other named Plaintiffs may file separate actions against the applicable defendant or defendants, should they choose to do so. If their counsel purports to group them together again, sanctions may be imposed.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |